IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RUSSELL L. STEVENS,          §
                             §
            Plaintiff,       §
                             §
VS.                          §   NO. 4:05-CV-598-A
                             §
JO ANNE B. BARNHART,         §
COMMISSIONER OF SOCIAL       §
SECURITY,                    §
                             §
            Defendant.       §

MEMORANDUM OPINION
and
ORDER

     Came on for consideration the above-captioned action wherein
Russell L. Stevens is plaintiff and the Commissioner of Social
Security, currently Jo Anne B. Barnhart, is defendant.  On May
16, 2006, the United States Magistrate Judge issued his proposed
Findings, Conclusions, and Recommendation ("FC&R"), and granted
the parties until June 6, 2006, to file and serve any written
objections thereto.  On June 6, 2006, plaintiff filed his
objections.  Defendant filed a response to those objections on
June 15, 2006.  For the reasons given below, the court has
concluded that the objections lack merit.

I.

Standards of Review

     Pursuant to 42 U.S.C. § 405(g), the only issues before the
court are whether the final decision of the Commissioner that
plaintiff is not disabled within the meaning of the Social
Security Act is supported by substantial evidence, and whether
the decision complies with applicable legal standards.  Crouchet
v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989).  If supported by
substantial evidence, the Commissioner's findings are conclusive

and must be affirmed.  Richardson v. Perales, 402 U.S. 389, 390 (1971).  The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings.  Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).  Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Crouchet, 885 F.2d at 204.  In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history.  Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981).  "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

II.

2

<u>The Decision of the Administrative Law Judge</u>

The decision of the administrative law judge ("ALJ") decided that plaintiff was not disabled, and therefore, was not entitled to a period of disability or disability insurance under 42 U.S.C. §§ 416(i) and 423, or eligible for supplemental income under 42 U.S.C. §§ 1382 and 1382(c).  The decision of the ALJ became the final decision of the Commissioner.  Tr. at 5. Specifically, the ALJ found that:

(1)  "[Plaintiff] has met the disability insured status requirement under the Act since his onset of disability date of June 1, 2000."  <u>Id.</u> at 16.

(2)  "[Plaintiff] has not engaged in substantial gainful activity at any time relevant to this decision" because plaintiff's "work activity after his alleged onset of disability date did not rise to that level."  <u>Id.</u>

(3)

The medical evidence establishes [plaintiff] has insulin-dependent diabetes, mellitus, chronic pancreatis, hypertension, a history of hepatitis B and C, a history of alcohol abuse now in sustained full remission, panic disorder with agoraphobia, generalized social phobia, and major depressive disorder, and he is status post open reduction in his right tibia, which constitute "severe" combination of impairments, but he does not have any impairment or combination of impairments listed in, or that equals in severity an impairment listed in, 20 C.F.R. Part 404,Subpart P, Appendix 1.

<u>Id.</u>

(4)  "[Plaintiff] has objectively identifiable, medically determinable impairments that reasonably could be expected to produce the pain and other subjective complaints he alleges." <u>Id.</u> at 18.

(5)  "[Plaintiff's] allegations regarding his level of pain,

3

subjective complaints, and functional limitations have limited
credibility and are not reasonably supported by the findings of
the objective medical evidence or the inferences therefrom." Id.

(6) "[Plaintiff] retains the residual functional capacity
to obtain, perform, and maintain a limited range of light work."
Tr. at 20.

(7)

[Plaintiff's] ability to perform aa full range of light
work is limited by the need to avoid more than
occasional stooping, kneeling, crouching, and crawling, by the
need to avoid climbing ladders and scaffolds, by the need to
exercise seizure precautions, by the need to perform jobs with a
reasoning development level of one, two, or three (as defined by
the Dictionary of Occupational Titles), and by the need to avoid
more than superficial contact with the public.

Id. at 20.

(8) "[Plaintiff] cannot perform his past relevant work, as
that work requires the performance of work-related activities
precluded by the foregoing limitations" Id. at 21.

(9) "Born February 9, 1957m [plaintiff] has been a 'younger
individual' for all times relevant to this decision." Id.

(10) "[Plaintiff] has a high school education." Id.

(11) "Considering [plaintiff's] age, the issue as to the
acquisition or transferability of work skills is immaterial."
Id.

(12) "[Plaintiff] retained the residual functional capcity
to perform the full range of light work, and considering his age,
and past work experience." Id. at 22.

(13) While plaintiff could "not perform the full range of
light work" there were still "a significant number of jobs in the
national and local economies that the claimant can perform,"
including hand laborer, inpector/sorter, and assembler. Tr. at

4

22.

(14) Plaintiff was not disabled within the meaning of "the Social Security Act at any relevant time since his alleged onset of disability date of June 1, 2000." Id.

III.

Grounds Urged by Plaintiff in His Appeal from
the Decision of the Commissioner

The grounds of plaintiff's appeal to this court from the Commissioner's decision were that the ALJ did not (1) give adequate weight to the opinions of two of his treating physicians, (2) adequately assess the testimony of plaintiff and the testimony of plaintiff's mother's testimony, and (3) consider the individual severity of each of his functional impairments with regard to his residual functional capacity.

In his argument in support of his first ground, plaintiff posited that in putting a hypothetical question to the vocational expert, the ALJ failed to consider plaintiff's actual degree of functional limitation.  The argument Miller made in support of his second ground simply was that the ALJ should have offered a more detailed rebuttal to the opinions of his treating physicians, particularly their conclusory opinions that he was permanently disabled.  And, plaintiff supported his third ground by essentially arguing that the record did not support a finding that plaintiff's contentions about his pain lacked credibility.

IV.

The FC&R

The magistrate judge recommended that the Commissioner's decision be affirmed.  As to plaintiff's first ground, the magistrate judge concluded that the AJL gave appropriate weight

5

to the physician opinions in question.  Next, the magistrate
judge concluded that the ALJ was within the scope of his
discretionary power when he determined the disabling nature of
plaintiff's pain.  Last, the magistrate concluded that the ALJ's
assessment of plaintiff's functional impairments were
sufficiently supported by the evidence.

                              V.

                Plaintiff's Objections to the FC&R

        The nature of plaintiff's objections to the FC&R are not
clearly defined.  As well as the court can interpret the
scattergun objections, they are similar to plaintiff's objections
to the Commissioner's decision.  The court is interpreting the
objections to be that the magistrate judge should have concluded
that the ALJ (1) incorrectly addressed the opinions of two of
plaintiff's treating physicians, and (2) failed to properly
evaluate the degree to which plaintiff was cognitively impaired.

                             VI.

                           Analysis

A.    The ALJ was not Required to Conduct an Analysis Under
      20 C.F.R. §§ 404.1527 and 416.927 of the Opinions of
      Drs. Furman and Saifee.

        Both Drs. Furman and Saifee opined that plaintiff was
permanently disabled.  In addressing these opinions, the ALJ did
not conduct a detailed analysis pursuant to 20 C.F.R. §§ 404.1527
and 416.927.  Plaintiff contends this constitutes reversible
error.  The court disagrees.  The opinions of treating physicians
are not accorded considerable weight if they impinge upon issues
reserved to the Commissioner.  See 20 C.F.R. § 404.1527 (e).
"Among the opinions by treating doctors that have no special
significance are determinations that an applicant is 'disabled'

                              6

or 'unable to work.'"  <u>Frank v. Barnhart</u>, 326 F.3d 618, 620 (5th Cir. 2003).  If a treating physician offers such an opinion, the ALJ does not have to analyze the opinion in accordance with the six factors listed in § 404.1527(d).  <u>Id.</u>  Inasmuch as Drs. Furman and Saifee opined that plaintiff was permanently disabled, the ALJ correctly declined to analyze their opinions.[1]

B.    <u>The ALJ's Findings on Plaintiff's Mental Impairment are Supported by Substantial Evidence</u>.

In his second objection, plaintiff seems to assume that the ALJ disagreed with the state agency reviewing physician, Dr. Jack L. Anderson, who described plaintiff's mental functioning limitations.    Plaintiff simply misreads Dr. Anderson's testimony.  Dr. Anderson concluded that plaintiff had "the ability to understand [and] carry out simple instructions, adopt to work routines, [and] adequately interact with others."  Tr. at 206.  There is nothing inconsistent between Dr. Anderson's review and the ALJ's finding that plaintiff "retains the residual functional capacity to obtain, perform, and maintain a limited range of light work."  Tr. at 20. Moreover, as the hypothetical question that the ALJ put to the vocational expert during the administrative hearing reasonably incorporated all of plaintiff's disabilities recognized by the ALJ, plaintiff's complaints about the same are misplaced.

III.

Conclusion and Order

For the reasons stated above, all objections of plaintiff are without merit.  Therefore, the court accepts the magistrate

---

[1] To the extent that Drs. Furman and Saifee offered medical opinions, the record shows that the ALJ accorded those opinions appropriate weight.

7

judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED June  21 , 2006.


_____/s/ John McBryde_____
JOHN McBRYDE
United States District Judge